Leona ELLIS *v.* CAMPBELL SOUP COMPANY
and LIBERTY MUTUAL INSURANCE COMPANY

CA 83-46                                              651 S.W.2d 106

Court of Appeals of Arkansas
Opinion delivered June 1, 1983

*Smith & Smith,* by: *Raymond C. Smith,* for appellant.

*Shaw & Ledbetter,* for appellees.

LAWSON CLONINGER, Judge. In this workers' compensation case, appellant, Leona Ellis, sustained a compensable back injury while working for respondent, Campbell Soup Company, on July 12, 1977. Compensation was paid for her medical treatment, and she was given a 2% permanent partial disability rating to the body as a whole.

In May of 1980, appellant was examined by an independent orthopedic doctor who rated her permanent partial disability as 20% to the body as a whole. Subsequently, appellant filed an additional claim for permanent partial disability benefits. The Administrative Law Judge found that appellant had incurred only a 2% permanent partial disability as a result of the injury, and that opinion was affirmed by the Full Commission. On appeal to this court, in an unpublished opinion rendered on September 29, 1982, we reversed the Commission decision and remanded the case to the Commission to consider appellant's percentage of disability in light of the rule stated in *McDaniel* v. *Hilyard Drilling Company,* 233 Ark. 142, 343 S.W.2d 416 (1961). The Full Commission, on remand, held that when considered in the light of the rule in *Hilyard,* it reached the same result as before.

Appellant's sole point for reversal on this appeal is that the Commission, upon remand, failed for the second time to correctly apply the *Hilyard* rule. We agree that it remains unclear whether the rule was properly applied, and we must reverse and remand.

In *Hilyard,* the Arkansas Supreme Court upheld the contention of the claimant who argued that where a latent

congenital defect is triggered by an accident, the entire resulting permanent disability is compensble. The court then adopted the following rule set out in Larson, *Workmen's Compensation Law*, Volume 2, § 59:

> The principal legal question attending apportionment has been that of distinguishing prior 'disabilities' from prior 'non-disabling' defects or diseases which contribute to the end result. Nothing is better established in compensation law than the rule that when industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable, and except in three states having special statutes on aggravation of disease, no attempt is made to weigh the relative contribution of the accident and the preexisting condition to the final disability. Apportionment does not apply in such cases, nor in any case in which the prior condition was not a disability in the compensation sense . . .
>
> To be apportionable then, an impairment must have been independently producing some degree of disability before the accident, and must be continuing to operate as a source of disability after the accident.

The finding of the Administrative Law Judge was as follows:

> I do not doubt that this Claimant is disabled to an extent greater than 2%, or for that matter she may even be disabled to an extent greater than the 20% given to her by Dr. Martin.
>
> The difficulty with awarding Claimant any disability at all is the fact that the disability that she has simply is not caused by the accidental injury in question. Dr. Runnels has perhaps done the Commission a service, and perhaps not in determining that the Claimant has a 2% functional impairment as a result of the occurrence. It most likely could be inferred that Dr. Runnels did not feel that the Claimant was significantly impaired as a result of this accidental injury or he would have awarded her an amount greater than the 2% functional impairment. Basically, the Commission

feels that Dr. Runnels has given the Claimant the benefits of all doubt in awarding her a 2% disability rating and the Commission does not feel that she has incurred any disability *as a result of this injury in addition to this amount.*

Accordingly, the Commission feels the record preponderates in favor of finding that the Claimant has incurred a 2% permanent partial disability as a result of the accidental injury, but that she has not suffered any additional disability that is attributable to this injury.

The Commission's first decision affirmed the findings of the Law Judge, and stated:

From our de novo review of the record on appeal we are of the opinion that the decision of the Administrative Law Judge is supported by a preponderance of the evidence and should be affirmed. We do not feel that claimant's congenital abnormality of the lower spine was permanently aggravated to a greater degree than that found by the Administrative Law Judge, and that any greater degree of disability preexisted the work-related incidents.

The second decision of the Commission, which is now before this court on appeal, again affirmed the original decision of the Law Judge, and stated:

We do not feel that claimant's congenital abnormality of the lower spine was permanently aggravated to a greater degree than that found by the Administrative Law Judge, and we find from a preponderance of the evidence that any greater degree of disability preexisted the work-related incidents.

No evidence was presented at the hearing to show that appellant was disabled before the accident. In fact, the only evidence presented on the question was that of appellant who testified that she had no disability before the accident. Dr. Harold E. Martin, an orthopedic surgeon, testified that appellant had suffered a 20% permanent partial disability, partly as a result of the accident and partly as a result of a highly abnormal preexisting condition.

Appellee contends that the words of the Commission ". . . and we find from a preponderance of the evidence that any greater degree of disability preexisted the work-related incident," should be treated as surplusage, but we are unable to do that. There is no way for this court to determine whether the Commission found that a congenital impairment was independently producing some degree of disability, in the compensation sense, before the accident, or whether the Commission found that appellant had a non-disabling defect which contributed to the end result.

The decision is reversed and the case is remanded to the Commission with directions to (1) determine the degree of appellant's disability caused by the injury *and* her prior non-disabling defects, and (2) award benefits to appellant based on the degree so found.

GLAZE, J., dissents.